9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daryll HORTON, Defendant-Appellant.
 No. 93-1973.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1993.
Decided Oct. 27, 1993.
 
 Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Daryll Horton pleaded guilty to assaulting a postal carrier with the intent to steal U.S. mail matter in violation of 18 U.S.C. Sec. 2114. The district judge sentenced Horton to 135 months in prison, followed by five years of supervised release. Horton's appointed counsel filed a motion to withdraw from the appeal on the ground that it was frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). We notified Horton of his counsel's motion and his right to respond. Circuit Rule 51(a). Horton responded by claiming that his guilty plea was involuntary, and by requesting the appointment of new counsel to argue his appeal. We find that Horton's appeal is without merit and grant counsel's motion to withdraw. For the same reasons, we deny Horton's request for new counsel and dismiss the appeal.
 
 
 2
 In the Anders brief, Horton's counsel identified one potential issue for appeal: the district judge erred during sentencing when he denied Horton a two-level reduction in the offense level for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. United States v. Corbin, 998 F.2d 1377 (7th Cir.1993), sets forth the applicable law:
 
 
 3
 Pleading guilty to an offense does not necessarily entitle the defendant to such a reduction. A defendant accepts responsibility only if he fesses up to his actual offense. The propriety of a reduction under section 3E1.1 is thus a factual matter that the district judge is uniquely situated to resolve. We may reverse the district court's judgment on this question only if it is clearly erroneous.
 
 
 4
 Id. at 1388 (citations and internal quotations omitted).
 
 
 5
 In rejecting the reduction for acceptance of responsibility, the district judge considered the fact that Horton constantly changed his version of the offense, and that Horton tried to blame his cocaine addiction for his crime. The district judge stated:
 
 
 6
 [T]he Court finds--and in this connection it should be made known that the defendant isn't entitled as a matter of right that downward adjustment for acceptance of responsibility. It's within the Court's discretion to either grant or not grant it. The Court's not going to grant it because of the reasons that are outlined in the--or the facts that are outlined in the letters to the Court--the presentence report and the Defendant's appearance and demeanor and partial allocution to the Court at this juncture. That is, the response to the questions put to the Defendant by the Court.
 
 
 7
 ... [The Defendant's] story has changed so many times and ultimately it's concluded by the Defendant that it really wasn't the Defendant that did the crime but the impetus provided by drugs. And the Court's impression here is that there has been a constant effort at--on the part of the Defendant at misdirecting--or I shouldn't say misdirecting but directing responsibility away from himself. And so the Court doesn't view this as an appropriate time to make an adjustment for acceptance of responsibility.
 
 
 8
 (Tr. 8-9; see also Tr. 21-23, 33-34). After reviewing the transcript of the sentencing hearing, we cannot say that the district judge clearly erred in finding that Horton did not accept responsibility for his offense. See United States v. Beserra, 967 F.2d 254, 256 (7th Cir.), cert. denied, 113 S.Ct. 419 (1992).
 
 
 9
 In his response to the Anders brief, Horton argues that his guilty plea was involuntary. A defendant who pleads guilty waives numerous rights including the privilege against self-incrimination, the right to a jury trial, and the ability to confront witnesses. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Because of the importance of this waiver, Rule 11 of the Federal Rules of Criminal Procedure sets forth procedures to ensure that a guilty plea is voluntarily made. United States v. Lumpkins, 845 F.2d 1444, 1448 (7th Cir.1988). As long as the district judge complies with these procedures, a guilty plea is presumed valid. Id.
 
 
 10
 A review of the change of plea hearing transcript indicates that there is no possible merit to Horton's claim. The district judge fully complied with Rule 11. He carefully explained the charges against Horton and the rights Horton would give up by pleading guilty. He also asked about Horton's mental condition, counsel's advice, and Horton's understanding that the court was not bound by the plea agreement and could impose any sentence that was authorized by law. We find nothing in the record to indicate that Horton's plea was anything but an intelligent and voluntary waiver of his rights.
 
 
 11
 In so far as Horton blames his guilty plea on his lawyer, he may raise such a claim of ineffective assistance in a motion under 28 U.S.C. Sec. 2255. See United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991).
 
 
 12
 As there are no non-frivolous grounds for appeal in this case, we GRANT counsel's motion to withdraw and DISMISS the appeal.